JP:WMN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

AKRAM ISMAIL,

        Defendant.

- - - - - - - - - - - - - - - - -X

**M-05-0577**

C O M P L A I N T

(T. 49, U.S.C., § 46504)

EASTERN DISTRICT OF NEW YORK, SS:

    Anthony G. Caruso, being duly sworn, deposes and says that he is a Federal Air Marshal with the United States Department of Homeland Security, duly appointed according to law and acting as such.

    Upon information and belief, on or about May 1, 2005, the defendant AKRAM ISMAIL, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did knowingly and intentionally assault and intimidate a flight attendant of the aircraft, interfere with the performance of the duties of the attendant and lessen the ability of the attendant to perform those duties.

    (Title 49, United States Code, Section 46504.)

    The source of your deponent's information and the grounds for his belief are as follows:

    1.    Your affiant has been a Federal Air Marshal with the United States Department of Homeland Security for approximately three years. Because this affidavit is being submitted for the limited purpose of establishing probable cause

to arrest, it does not include all the facts and circumstances of which I am aware. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part except where otherwise indicated. Except as explicitly set forth below, your affiant has not distinguished herein between facts of which he has personal knowledge and facts as to which he has hearsay knowledge.

2. On May 1, 2005, your deponent was a passenger aboard Delta Airlines Song Flight 2029, scheduled to depart from John F. Kennedy International Airport in Queens, New York to Orlando, Florida at approximately 5:15 p.m.

3. The defendant AKRAM ISMAIL was also a passenger on the above-referenced flight. At approximately 5:30 p.m., as the doors were closed and the flight was preparing to take off from New York, off duty flight attendants seated at the back of the airplane observed the defendant take out a bottle of Bailey's Irish Cream and drink from the bottle. The off duty flight attendants informed the defendant that this was not allowed. Defendant ignored the instruction, proceeded to get up from his assigned seat, sit down in another seat - the new seat being in an exit row, and again drink from the liquor bottle. The off duty flight attendants repeated their instruction to stop drinking from the liquor bottle and told the defendant that he should not be sitting in the exit row. Defendant responded that he was a doctor and "better" than all the flight crew. One of

the off duty flight attendants informed a working flight attendant that defendant was sitting in an exit row and drinking alcohol. The working flight attendant then asked the defendant to return to his seat, which the defendant reluctantly agreed to do, commenting that he enjoyed abusing flight attendants.

4. As the plane was taxiing towards the runway and the flight crew was explaining the airplane's safety features, defendant got up from his seat and briskly approached a flight attendant at the front of the plane. As the defendant moved forward down the aisle, the flight attendant instructed the defendant multiple times to return to his seat. The defendant sat down in the first row and continued to argue with the flight attendant. At this point, a flight attendant notified the pilot of defendant's behavior and the pilot started turning the plane around to return to the gate. The flight attendant informed the defendant that the plane was returning to the gate and that defendant would be escorted off of the flight.

5. Upon hearing this, the defendant became more belligerent and declared that he would not leave the airplane. When the airplane returned to the gate, the defendant would not get up from the first row seat. I addressed the defendant, identified myself as an Air Marshal, and informed defendant that he needed to leave the plane. After asking defendant twice to leave the plane, I told defendant that if he did not leave the plane voluntarily, he would be arrested. Defendant again stated he would not leave the plane.

6. At this point, I took defendant's arm and informed him that he was under arrest. Defendant pulled his arm away and pushed me away. With the assistance of another Air Marshal, the defendant was handcuffed and escorted off the plane.

7. It is your deponent's understanding that the plane in question is a "civil aircraft of the United States," pursuant to 49 U.S.C. § 46501(2)(a), in that it is registered by Delta Airlines under Chapter 441 of Title 49. See 49 U.S.C. § 40102(a)(17).

WHEREFORE, your deponent respectfully requests that defendant AKRAM ISMAIL be dealt with according to law.

Anthony G. Caruso
Federal Air Marshal Service
U.S. Department of
  Homeland Security

Sworn to before me this
2nd day of May, 2005

_____
United States Magistrate Judge
Eastern District of New York